JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Eric James Baker

### DEFENDANTS

COUNTY OF SONOMA; SONOMA COUNTY SHERIFF'S DEPARTMENT; BILL COGBILL; CALIFORNIA FORENSIC MEDICAL GROUP, INC.; JAMES LUDERS, M.D.; "JOHN DOE" LINCOLN; "JOHN DOE" CORTEZ; "JOHN DOE" ESPINO; and DOES 1 through 10, inclusive

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

Sonoma County

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.    Sonoma County

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Sanford Wittels & Heisler, LLP
950 Third Ave., 10th Floor
New York, NY 10022
(646) 723-2947
(Pending Pro Hac Vice Admission)

Law Office of Tanya Brannan
719 Orchard Street
P.O. Box 3064
Santa Rosa, California  95402
(707) 546-0235

Attorneys (If Known)

08 3433 EDL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983;

Brief description of cause:
Assault and battery of inmate by guards; deliberate indifference to plaintiff's serious medical needs resulting from beating.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 15,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 7-15-08 | |



Law Office of Tanya Brannan
719 Orchard Street
P.O. Box 3064
Santa Rosa, California 95402
Telephone: (707) 546-0235
Facsimile: (707) 573-1094
brannanlaw@comcast.net

Sanford Wittels & Heisler, LLP
950 Third Avenue, 10th Floor
New York, New York 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948
swittels@nydclaw.com
*Pending Pro Hac Vice Admission*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**EDL**

| | |
|---|---|
| ERIC JAMES BAKER,    **CV  08    3433** | |
| Plaintiff, | CV No. |
| vs. | **COMPLAINT** |
| COUNTY OF SONOMA; SONOMA COUNTY SHERIFF'S DEPARTMENT; BILL COGBILL; CALIFORNIA FORENSIC MEDICAL GROUP, INC.; JAMES LUDERS, M.D.; "JOHN DOE" LINCOLN; "JOHN DOE" CORTEZ; "JOHN DOE" ESPINO; and DOES 1 through 10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

1.      Plaintiff Eric James Baker, by his attorneys Sanford Wittels & Heisler, LLP, Law Offices of Grant E. Morris, and Law Office of Tanya Brannan, brings this complaint against Defendants County of Sonoma, Sonoma County Sheriff's Department, Bill Cogbill (Sonoma County Sheriff), California Forensic Medical Group, Inc., James Luders, M.D., Officers "John Doe" Lincoln, "John Doe" Cortez, and "John Doe" Espino, and Does 1 through 10, inclusive, and alleges, upon personal knowledge as to the facts pertaining to himself and upon information and belief as to all other matters:

**I.**

### SUMMARY OF DEFENDANTS' WRONGFUL ACTIONS LEADING TO THE INJURY, SUFFERING AND PERMANENT DISFIGUREMENT OF ERIC BAKER

2.      Eric James Baker was wantonly and maliciously assaulted about the head, face, and body by Corrections Officers of the Sonoma County Main Adult Detention Facility (the "Facility" or "Jail") in September 2007, sustaining severe and extensive personal injuries. *The attack was unprovoked.* Due to the untimely and grossly deficient care provided by the Jail and its medical staff, Mr. Baker's painful and incapacitating injuries -- which impacted his vision, hearing, eating, breathing, and sleeping -- progressively worsened. Mr. Baker brings this lawsuit for monetary damages caused by these willful and egregious acts and omissions and his resulting injuries, disfigurement, and suffering.

3.      Each of the Defendants, including (i) Defendant COUNTY OF SONOMA (the "County"), which owns and operates the Detention Facility, (ii) Defendant SONOMA COUNTY SHERIFF'S DEPARTMENT ("Sheriff's Department"), which operates the Facility, and its individual defendant employees, and (iii) Defendant CALIFORNIA FORENSIC MEDICAL GROUP ("CFMG"), which is contracted to

2

provide medical care to inmates in the Facility, and its medical staff employees, contributed to causing Mr. Baker's injuries.

4. Immediately after Mr. Baker's brutal beating by two guards employed by the Defendant County and Sheriff's Department (which occurred while he was handcuffed and restrained), employees of the Facility, including medical personnel, were on notice that Mr. Baker was in need of urgent medical treatment. Despite this knowledge, all Defendants failed to promptly respond to Mr. Baker's cries for help. As a result of the initial battery, as well as the subsequent willful inattention to his obvious medical needs, Mr. Baker has suffered and continues to suffer unnecessary and avoidable injuries, pain and suffering, and permanent facial disfigurement. Defendants' various actions and omissions violated the United States Constitution as well as California statutory and common law, and the damages resulting from these violations are compensable in this action.

## II.

### JURISDICTION

5. This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343. The Court maintains supplemental jurisdiction over pendent state law claims pursuant to 28 U.S.C. § 1367.

## III.

### VENUE

6. The claims alleged herein arose at the Sonoma County Main Adult Detention Facility (the "Facility" or "Jail"), Santa Rosa, California, which is located in the County of Sonoma, State of California. Venue for this action lies in the United States District Court for the Northern District of California. 28 U.S.C. § 1391 (b)(2).

## IV.

## **PARTIES**

7.     This action arises from the injuries sustained by Plaintiff ERIC JAMES BAKER, who was at all times mentioned herein a resident of the County of Sonoma, State of California.

8.     Defendant COUNTY OF SONOMA ("County") is and at all times mentioned herein was a public entity authorized by law to establish certain departments responsible for enforcing the laws and protecting the welfare of the citizens and public employees of Sonoma County. At all times mentioned herein, Defendant COUNTY was responsible for overseeing (i) the operation, management, and supervision of the Sonoma County Main Adult Detention Facility, DEFENDANT SONOMA COUNTY SHERIFF'S DEPARTMENT, DEFENDANT SHERIFF BILL COGBILL, as well as the Sheriff's Deputies and Corrections Officers and Guards, and (ii) contracted entities and employees of the Facility, including without limitation Defendant CFMG and its doctors and nursing staff. Defendant COUNTY is liable for the intentional, negligent and reckless acts of all of these aforementioned parties, personnel and entities, as described herein. In this Complaint, Defendant "County" will include all Defendants, unless otherwise specified.

9.     Defendant SONOMA COUNTY SHERIFF'S DEPARTMENT ("Sheriff's Department") is and at all times mentioned herein was a public entity responsible for providing law enforcement and detention services for Defendant COUNTY OF SONOMA, including supervising, operating, and managing the Sonoma County Main Adult Detention Facility (hereafter the "Jail," or "Facility").

10.     Defendant BILL COGBILL ("Cogbill") is, and at all times herein

4

mentioned was, Sheriff of Defendant County, responsible for supervising, operating, and managing the Facility.

11.    Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC. ("CFMG"), is and at all times mentioned was a corporation authorized to do business and doing business in the County of Sonoma, State of California, as a contract medical service provider to Defendants Sheriff's Department and County.

12.    Upon information and belief, Defendant JAMES LUDERS, M.D. ("Luders") is a physician employed by Defendant CFMG, and provided medical professional services, including medical exams, to inmates housed at the Sonoma County Detention Facility for Defendant Sheriff's Department and County.

13.    Upon information and belief, Defendants "JOHN DOE" LINCOLN, "JOHN DOE" CORTEZ, and "JOHN DOE" ESPINO are Corrections Officers and/or Guards (hereafter "COs" or "Guards") employed by Defendant Sheriff's Department. Mr. Baker is currently unaware of the first names of these individual Defendant Correction Officers who were responsible for brutally assaulting and torturing him.

14.    Upon information and belief, Defendants DOES 1 through 10 were each responsible in some manner for the injuries and damages alleged herein. The true names and capacities of defendants DOES 1 through 10, and each of them, are presently unknown to Plaintiff. Plaintiff therefore designates defendants DOES 1 through 10 by such fictitious names and when their names have been ascertained, Plaintiff will amend this complaint to allege their true names and capacities.

15.    In committing the acts and/or omissions alleged herein, all Defendants acted under color of authority and/or under color of law.  Mr. Baker sues all public

5

employees named as Defendants in both their individual and official capacities.

## V.
## STATEMENT OF FACTS

**(A)    Sonoma County Corrections Officers Brutally Attack Mr. Baker**

16.    On September 8, 2007 law enforcement officials of the County and

Sheriff's Department took Eric James Baker into custody at the Sonoma County Main

Adult Detention Facility.

17.    After bringing Mr. Baker into the Jail on September 8, 2007, Defendant

Corrections Officer "John Doe" Lincoln handcuffed Mr. Baker's left wrist so tightly that

Mr. Baker still has scars where his skin was torn off.  When Mr. Baker complained of the

pain, he was told to "shut up."  The pain continued in intensity, prompting Mr. Baker to

request a second time that the left handcuff be loosened.  Defendant Lincoln proceeded to

slam Mr. Baker's head into a cement wall and told him to "shut up."

18.    Defendant Lincoln together with Defendant "John Doe" Cortez took Mr.

Baker down a hallway towards his cell where Mr. Baker again pleaded for the handcuff

to be loosened as it burned his wrist.  Defendant Lincoln then smashed Mr. Baker's head

into the concrete wall a second time and again told him to "shut up."

19.    Thereafter, Defendants Lincoln and Cortez brought Mr. Baker into his cell

and forced him onto a metal bunk bed by lifting his wrists behind his back and jamming

his battered face into the wall.  This brutal manhandling caused Mr. Baker's shins to be

violently abraded against the metal bed, scraping off the skin.  Scars remain to this day.

20.    Defendants Lincoln and Cortez commanded Mr. Baker to cross his legs as

they continued to force his face into the wall.  Mr. Baker was in such unbearable pain that

he began to see spots.  Finally, after threatening Mr. Baker with further abuse, the

6

corrections officers removed his handcuffs and left him in his cell, ignoring his injuries and distress and his obvious need for medical attention.

21.    As a result of this prolonged beating, Mr. Baker's face was swollen on the right side with bruises from ear to nose and numbness around the area of his right temple and ear. His cheek bone was pushed over towards his nose and was pressing against his eye, causing extreme pain. These facial injuries made it difficult for Mr. Baker to open his mouth or his right eye and made it virtually impossible to yawn, eat, or breathe correctly or hear from his right ear. Furthermore, Mr. Baker was bleeding from his nose and mouth and his teeth were loose and bleeding. His left wrist was alternately numb and stricken with pain that resembled thousands of needles pricking his fingers. In addition, Mr. Baker suffered episodes of sweating, shaking, and hot and cold flashes.

22.    Due to the excruciating pain caused by his injuries, as well as his impacted breathing, Mr. Baker was unable to sleep for many days despite increasing exhaustion. He remained terrified of his jailers.

### (B) The Jail Refuses to Provide Mr. Baker Adequate Medical Care for the Injuries Its Personnel Caused

23.    Thereafter, on or about September 9, 2007 through September 12, 2007, Mr. Baker requested pain medication, the right to speak with a physician, a medical request form, and grievance forms, in order to somehow alleviate the agonizing pain that he was experiencing and to receive help for his injuries. All these requests were summarily denied without explanation. Mr. Baker informed the officers that he was taking terazadone for depression and anxiety and his requests for this medication were also denied.

24.    On or about September 12, 2007, Mr. Baker was taken from his cell to

7

shower. Prior to being removed from his cell, Mr. Baker had one hand cuffed to a chain around his waist and was forced to shower in this manner.

25.     After September 12, Mr. Baker continued to request medical assistance and pain medication, as his symptoms, including severe anxiety and sleeplessness, continued.

26.     On or about September 19, 2007, a Dr. Harpford came to visit Mr. Baker and viewed him through the food slot in his cell. Upon seeing his mangled face, she exclaimed "Oh my God, what happened to you?" While Mr. Baker was too frightened to blame the guards who had assaulted him, he did tell Dr. Harpford that he had been repeatedly thrown against a wall. She ordered x-rays be taken, but even this request was inexplicably delayed.

27.     On or about September 20, 2007, approximately twelve days after sustaining his injuries, Mr. Baker was finally given some pain medication..

28.     On or about September 23, 2007, the Jail stopped providing Mr. Baker needed sleep and pain medication. His requests for additional medication were denied by Defendant "John Doe" Espino and other employees of the Facility.

29.     On or about September 25, 2007, two-and-a-half weeks after his beating, Mr. Baker was taken for x-rays. Despite his condition, Defendant James Luders, a doctor working for Defendant CFMG on contract to the County and Sheriff's Department, informed Mr. Baker that the x-rays were "normal" and there was "nothing wrong."

30.     A psychiatrist visited Mr. Baker on or about September 26, 2007 and ordered that his anxiety and insomnia medications be restarted. Mr. Baker was able to sleep that night but the next day his pain medications were again mysteriously

8

discontinued.

31.    After being taken off the medications, Mr. Baker once again remained in unrelenting and excruciating pain. He had a constant headache, his teeth were numb, and it was still hard to breathe and eat properly due to his facial swelling and bruising. In addition, he often saw spots when walking around. Mr. Baker placed a written request for a continuation of his pain medications and for a reevaluation of his x-rays. On or about October 1, 2007, Dr. Harpford informed Mr. Baker that the x-rays showed the facial plate in an abnormal position; she was able to feel the bone protruding under Mr. Baker's right eye. Dr. Harpford then restarted Mr. Baker's pain medications with increased dosage.

32.    On or about October 4, 2007, Dr. Harpford reordered x-rays. In addition, on or about October 8, 2007, Dr. Harpford ordered CT scans to be taken of Mr. Baker as his facial structure was abnormal: the cheekbone was pushed over and sunk into the nasal area with the bone protruding into the eye socket. A month following his assault, Mr. Baker still had blurred vision, constricted peripheral vision, loss of balance and depth perception, and had trouble concentrating and holding objects.

33.    Throughout this period, the pain medications prescribed by Dr. Harpford were administered erratically or simply denied. Mr. Baker's frequent pleas for pain medication were repeatedly refused by Defendant Espino among others; his requests for missed doses were ignored. Finally, Mr. Baker was left with no choice but to push the emergency button in his cell. This infuriated the guards, although it prompted them to throw two over-the-counter pain relievers onto his cell floor. They persisted in denying Mr. Baker's requests for prescription medication.

9

34. Despite Mr. Baker's serious and degenerating condition, unremedied by Jail personnel, it took over a month for Defendants to provide any outside medical services. Mr. Baker was finally sent for a CT scan at Sutter Hospital on or about October 11, 2007, and was taken to see a dentist on or about October 15, 2007. The dentist, Dr. Brown, performed an extensive examination and referred Mr. Baker to an oral surgeon.

35. On or about October 16, 2007, Defendant Luders came to see Mr. Baker, belatedly responding to Mr. Baker's request for urgent attention. Defendant Luders diagnosed Mr. Baker with an infection and prescribed antibiotics for his facial swelling and bruises. Defendant Luders also misinformed Mr. Baker that the CT scans were "normal," showing no injuries. Despite Mr. Baker's obvious injuries, Defendant Luders told Mr. Baker that his breathing problems were caused by allergies – though he admitted it was "strange that it's only on one side."

36. On or about November 1, 2007, approximately 52 days after Mr. Baker's injury, Dr. Tiernan, an oral surgeon, examined Mr. Baker and diagnosed a fractured zygomatic arch, the bone on the side of the cheekbone along the ear. The fracture was depressed and comminuted, meaning that the bone had shattered into pieces and was pressed inward. Dr. Tiernan stated that had Mr. Baker received adequate medical intervention within ten days of injury it may have been possible to reset the bones but now it was too late. He advised waiting a year for Mr. Baker's face to heal and then to re-break the zygomatic arch, take bone from Mr. Baker's hip to replace the crushed arch, and drill the sinus cavity to reopen it -- extensive surgery that would take 14 to 16 hours to complete. In addition, the jaw hinge had healed improperly and needed to be ground down to its proper size.

10

37.     The erratic, infrequent, and/or nonexistent dispensing of Mr. Baker's medications continued until he was released in May 2008 and his acute pain persisted. Mr. Baker continues to take medications to alleviate the pain caused from the brutal treatment he received under Defendants' care and custody as well as their callous neglect and disregard of his condition and medical needs.

38.     Eric Baker would not be suffering today nor be permanently disfigured had Defendants provided him the necessary, adequate and timely medical attention and intervention he required and was entitled to for his injuries.

## VI.

## STATEMENT OF DAMAGES

39.     As a result of the acts and/or omissions of Defendants, Plaintiff Eric Baker was deprived of his constitutional and statutory rights and was further hurt and injured in his health, strength, and activity, sustaining injury to his person, all of which injuries caused Eric Baker great mental, physical, and nervous pain and suffering and severe emotional distress. The injuries resulted in Eric Baker's permanent disfigurement.

40.     The acts and/or omissions of Defendants, as alleged in this complaint, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights and basic welfare of Eric Baker. Plaintiff therefore prays for an award of punitive and exemplary damages in an amount that will be stated according to proof.

41.     Plaintiff retained counsel to represent him in this matter and is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 as well as Cal. Civ. Code § 52 and Cal. Welfare and Institutions Code § 15657.

11

## FIRST CAUSE OF ACTION

### (42 U.S.C. §1983 – Cruel and Unusual Punishment: Use of Excessive Force)
### (Defendants Sheriff's Department, Cogbill, County, Lincoln, Cortez)

42.     Plaintiff incorporates by reference and realleges each allegation made in all prior paragraphs as if alleged in full herein.

43.     Defendants Lincoln and Cortez maliciously, sadistically, and gratuitously attacked and brutalized Eric Baker for the purpose of harm and left him in his cell in obvious need and distress, subjecting him to unnecessary and wanton infliction of pain and physical injury, thereby violating his rights under the Eighth Amendment of the United States Constitution.

44.     By failing to properly hire, screen, train, supervise, and/or discipline its personnel, including Defendants Lincoln and Cortez, Defendants COUNTY OF SONOMA, SHERIFF'S DEPARTMENT, and SHERIFF BILL COGBILL subjected Eric Baker to unnecessary and wanton infliction of pain and physical injury, thereby violating his rights under the Eighth Amendment of the United States Constitution.

45.     By authorizing, ratifying, performing, and/or condoning the acts and omissions of Defendants Lincoln and Cortez, Defendants COUNTY OF SONOMA, SHERIFF'S DEPARTMENT, and SHERIFF BILL COGBILL subjected Eric Baker to unnecessary and wanton infliction of pain and physical injury, resulting in his permanent disfigurement, thereby violating his rights under the Eighth Amendment of the United States Constitution.

46.     The acts and omissions complained of herein were done pursuant to customs and policies authorized, condoned, ratified and carried out by all Defendants that resulted in use of unwarranted excessive force for the purposes of inflicting physical and

12

mental abuse on inmates gratuitously or as retribution, in furtherance of a policy of misuse of power over inmates incarcerated in Sonoma County.

47.     The malicious, sadistic, prolonged, and vicious assault upon Eric Baker – resulting in painful, incapacitating injuries and disfigurement -- was carried out pursuant to these customs or policies and was perpetrated for the sole purpose of causing Mr. Baker harm.  Defendants subjected Eric Baker to cruel and unusual punishment in violation of his rights under the Eighth Amendment to the United States Constitution.

48.     WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

## SECOND CAUSE OF ACTION

### (42 U.S.C. §1983 – Cruel and Unusual Punishment:
### Failure to Intervene to Prevent Use of Excessive Force)
### (Defendants Sheriff's Department, Cogbill, County, Lincoln, Cortez)

49.     Plaintiff incorporates by reference and realleges each allegation made in all prior paragraphs as if alleged in full herein.

50.     Neither Defendant Lincoln nor Defendant Cortez intervened to prevent the brutal and vicious assault upon Mr. Baker by the other, but instead participated in abusing Mr. Baker in his helpless condition.  Moreover, no other Jail official came to Mr. Baker's aid or attempted to stop his beating.  In refusing to intercede against this malicious and gratuitous use of excessive force, presenting a clear and serious danger to Mr. Baker's health and safety, Defendants subjected Mr. Baker to unnecessary and wanton infliction of pain and physical injury maliciously and sadistically for the very purpose of harm, thereby violating his rights under the Eighth Amendment of the United States Constitution.

13

51.    By failing to properly hire, screen, train, supervise, and/or discipline its personnel to refrain from using excessive force and to intervene against its use, Defendants COUNTY OF SONOMA, SHERIFF'S DEPARTMENT, and SHERIFF BILL COGBILL subjected Eric Baker to unnecessary and wanton infliction of pain and physical injury, thereby violating his rights under the Eighth Amendment of the United States Constitution.

52.    By authorizing, ratifying, performing, and/or condoning the acts and omissions of their co-Defendants, Defendants COUNTY OF SONOMA, SHERIFF'S DEPARTMENT, SHERIFF BILL COGBILL, OFFICER LINCOLN, and OFFICER CORTEZ subjected Eric Baker to unnecessary and wanton infliction of pain and physical injury, thereby violating his rights under the Eighth Amendment of the United States Constitution.

53.    The acts and omissions complained of herein were done pursuant to customs and policies authorized, condoned, ratified and carried out by all Defendants that resulted in use of unwarranted excessive force for the purposes of inflicting physical and mental abuse on inmates gratuitously or as retribution, in furtherance of a policy of misuse of power over inmates incarcerated in Sonoma County.

54.    WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

### THIRD CAUSE OF ACTION
### (42 U.S.C. §1983 – Cruel and Unusual Punishment:
### Deliberate Indifference to Serious Medical Needs)
### (All Defendants)

55.    Plaintiff incorporates by reference and realleges each allegation made in

14

all prior paragraphs as if alleged in full herein.

56.     In doing the acts and/or omissions alleged herein Defendants were deliberately indifferent to the serious medical needs of Eric Baker, which caused the unnecessary and wanton infliction of pain and physical injury to Mr. Baker, resulting in the violation of his rights under the Eighth Amendment of the United States Constitution.

57.     By failing to properly hire, screen, train, supervise, and/or discipline its personnel, Defendants COUNTY OF SONOMA, SHERIFF'S DEPARTMENT, and SHERIFF BILL COGBILL subjected Eric Baker to unnecessary and wanton infliction of pain and physical injury, thereby violating his rights under the Eighth Amendment of the United States Constitution.

58.     By authorizing, ratifying, and/or condoning the acts and omissions of their co-Defendants, Defendants COUNTY OF SONOMA, SHERIFF'S DEPARTMENT, and SHERIFF BILL COGBILL subjected Eric Baker to unnecessary and wanton infliction of pain and physical injury, thereby violating his rights under the Eighth Amendment of the United States Constitution.

59.     The acts and omissions complained of herein were done pursuant to customs and policies authorized, condoned, ratified and carried out by all Defendants that resulted in delayed and denied medical care for the purposes of saving money at the risk of inmates' health, and/or for inflicting physical and mental abuse on inmates as retribution in furtherance of a policy of misuse of power over inmates incarcerated in Sonoma County.

60.     The wanton and callous disregard of Eric Baker's obvious and known serious injuries – including, but not limited to, unreasonable delays and denials of

15

treatment and willful withholding of medications – exacerbated a precarious medical situation and caused Mr. Baker significant and ongoing physical harm. All Defendants subjected Eric Baker to cruel and unusual punishment in violation of his rights under the Eighth Amendment to the United States Constitution.

61.     WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

## FOURTH CAUSE OF ACTION

### (Assault and Battery)

### (Defendants Cogbill, Lincoln, Cortez)

62.     Plaintiff incorporates by reference and realleges each allegation made in all prior paragraphs as if alleged in full herein.

63.     By and during the acts described herein, Defendants Lincoln and Cortez intentionally, unlawfully, unjustifiably, excessively, and unreasonably assaulted and injured Eric Baker. Defendants Lincoln and Cortez acted with actual malice, improper motivation, and evil purpose, with the sole intention of inflicting bodily harm or in reckless and callous disregard of the likelihood of doing so.

64.     At all times during Defendants' brutal beating, Mr. Baker was restrained by handcuffs and presented no danger to the officers. Defendants' use of violent force was wholly unrelated to the restraint of Mr. Baker and was excessive, unreasonable, and extreme under any circumstances.

65.     Even after inflicting serious and obvious bodily injury upon Mr. Baker, leaving him in great pain and pleading for help, Defendants Lincoln and Cortez continued to assault him, exacerbating his condition and inflicting further injuries.

66.     Under the doctrine of respondeat superior, Defendant Cogbill is

responsible for the acts committed by Defendants Lincoln and Cortez while they were acting within the scope of their employment when assaulting Mr. Baker. Defendants Lincoln and Cortez acted with express or implied authority from Defendant Cogbill who authorized, ratified, and condoned their abusive and illegal conduct. Furthermore, Defendant Cogbill was negligent in hiring and retaining Defendants Lincoln and Cortez and negligently failed to train and supervise them appropriately.

67.     As a result of Defendants' malicious and excessive use of force, Mr. Baker suffered severe injuries including, but not limited to, a depressed comminuted fracture of his right zygomatic arch that requires extensive reconstructive surgery, obstructed sinus passages, difficulty breathing, eating, sleeping, chewing, and concentrating as well as facial disfigurement. Mr. Baker further sustained injuries to his wrist and shins, from which scars still remain.

68.     WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

## FIFTH CAUSE OF ACTION

### (Negligence – California Government Code § 844.6(d))
### (All Defendants)

69.     Plaintiff incorporates by reference and realleges each allegation made in all prior paragraphs as if alleged in full herein.

70.     On or about December 5, 2007, Plaintiff filed a notice of claim with Defendant COUNTY OF SONOMA pursuant to California Government Code § 910, *et seq*. Defendant COUNTY OF SONOMA rejected the claim on January 31, 2008, providing notice that Plaintiff had six months to commence a legal action. Plaintiff has filed his Notice of Claim and this Complaint within all applicable time limitations.

17

71.     Defendants COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT, CFMG, BILL COGBILL, JAMES LUDERS, M.D., OFFICERS LINCOLN, CORTEZ, and ESPINO, and DOES 1 through 10, owed Eric Baker, as an inmate in Defendants' custody, care and control, a duty of due care to protect his health and physical safety.

72.     Defendants Lincoln and Cortez wrongfully assaulted and battered Eric Baker.   Furthermore, Defendants Lincoln and Cortez and other Defendants willfully and/or negligently failed to prevent his assault and resulting injuries.  Following Mr. Baker's beating, all Defendants, including Defendant Espino and Luders, were negligent and their conduct fell below a reasonable standard of care when they failed to discharge their duties as custodians and/or health care providers to Eric Baker.  It was foreseeable that as a result of Defendants' acts and omissions, as described above, Eric Baker's injuries would worsen, resulting in his physical injury, pain and permanent disfigurement.

73.     WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

## SIXTH CAUSE OF ACTION

### (Failure to Summon Medical Care for Inmate – Cal. Government Code § 845.6)
### (All Defendants)

74.     Plaintiff incorporates by reference and realleges each allegation made in all prior paragraphs as if alleged in full herein.

75.     Defendants had a mandatory duty under California Government Code § 845.6 to summon medical care for inmates whom they knew, or had reason to know, required immediate medical care.

18

76.    Defendants failed to discharge their duty imposed by California
Government Code § 845.6.

77.    As a direct and proximate result of Defendants' acts and/or omissions,
hereinabove described, Eric Baker suffered severe physical injury and trauma, resulting
in his painful and permanent disfigurement.

78.    Defendants COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S
DEPARTMENT, and BILL COGBILL are liable for their employees' breach of their
duty to summon required immediate medical care while acting in the course and scope of
their employment under the doctrine of *respondeat superior*.

79.    WHEREFORE, Plaintiff prays for compensatory damages and punitive
damages as allowed by law.

## SEVENTH CAUSE OF ACTION

### (Failure to Discharge Mandatory Duty – California Government Code § 815.6)
### (All Defendants)

80.    Plaintiff incorporates by reference and realleges herein each allegation in
all prior paragraphs as if alleged in full herein.

81.    California Government Code § 815.6 makes a public entity liable for its
failure to discharge a mandatory duty imposed by an enactment designed to protect
against the risk of a particular kind of injury.

82.    California Government Code § 845.6 imposes such a mandatory duty.
The purpose of § 815.6 is, in part, to ensure the safety and health of inmates and to
provide inmates with medical care when the need for medical care becomes apparent.

19

83.    Defendants breached the mandatory duty owed to Eric Baker pursuant to California Government Code § 845.6. As set forth herein, Defendants' breach of said duty causes the type of harm to Eric Baker that the enactment was designed to prevent.

84.    WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

## EIGHTH CAUSE OF ACTION
### (Medical Malpractice)
### (Defendants CFMG and Luders)

85.    Plaintiff incorporates by reference and realleges herein each allegation in all prior paragraphs as if alleged in full herein.

86.    Defendants CALIFORNIA FORENSIC MEDICAL GROUP., INC., JAMES LUDERS, M.D., and such DOES as were employed by CFMG, owed a duty to Eric Baker to use the care and skill ordinarily exercised in like cases by reputable members of their medical professions. Said Defendants owned a further duty to Eric Baker to use reasonable diligence and their best judgment in the exercise of their professional skills.

87.    Defendants breached their duty of care to Eric Baker. Defendants were negligent and their conduct fell below a reasonable standard of care. Such deficient conduct includes, but is not limited to, unreasonable delays and denials in providing medical attention and treatment to Mr. Baker and Dr. Luders' repeated and flagrant misdiagnoses of his serious and threatening injuries.

88.    It was foreseeable that as a result of Defendants' conduct, Eric Baker would suffer harm. As a direct and proximate result of such conduct, Eric Baker suffered severe physical injury and trauma, resulting in his painful and permanent disfigurement.

20

96.     WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

## TENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (All Defendants)

97.     Plaintiff incorporates by reference and realleges herein each allegation in all prior paragraphs as if alleged in full herein.

98.     Defendants owed Eric Baker a duty of care to avoid exposing him to foreseeable harm.  Defendants were negligent and fell below a reasonable standard of care when they did the acts described in the previous causes of action.

99.     It was foreseeable that as a result of Defendants' actions and omissions Eric Baker would suffer psychological and physical harm, and as a result, would suffer extreme emotional and psychological distress and trauma.

100.     In fact, as a direct and proximate result of Defendants' actions and omissions, Mr. Baker suffered psychological and physical harm resulting in his painful and permanent disfigurement as well as extreme emotional and psychological distress and trauma.

101.     WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

## ELEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (All Defendants)

102.     Plaintiff incorporates by reference and realleges herein each allegation in all prior paragraphs as if alleged in full herein.

103.     The above described conduct of Defendants was calculated to cause or

22

89.    WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

## NINTH CAUSE OF ACTION

### (Reckless or Malicious Neglect of Dependent Adult –
### California Welfare and Institutions Code § 15657)
### (All Defendants)

90.    Plaintiff incorporates by reference and realleges herein each allegation in all prior paragraphs as if alleged in full herein.

91.    Eric Baker was known by Defendants to have been injured involving acute pain and incapacitation, including the impairment of several vital bodily functions.

92.    From the time of receiving his injuries through his transfer release in May 2008 Eric Baker was a "dependent adult" as defined by Cal. Welfare and Institutions Code § 15610.23.

93.    Defendants' conduct described herein constitutes "neglect" (as defined in Cal. Welfare and Institutions Code § 15610.57) of a dependent adult within their care or custody.

94.    The actions and omissions on the part of Defendants rise to the level of reckless, oppressive, or malicious neglect, independently actionable under Cal. Welfare and Institutions Code § 15657.  In failing to provide care to Mr. Baker and to attend to his basic needs, Defendants consciously disregarded the high degree of danger to his health, safety, and wellbeing which ultimately caused his permanent disfigurement.

95.    As a result of this egregious misconduct, Mr. Baker experienced extreme physical and mental pain and suffering, including severe emotional distress, prior to his transfer.

21

stood in reckless disregard of the possibility of causing, and did in fact cause Eric Baker substantial mental anguish, grief, humiliation, and extreme mental and emotional distress.

104.    As a proximate result of the outrageous conduct of Defendants, Mr. Baker suffered extreme mental and emotional distress.

105.    The acts and omissions of defendants were done intentionally and/or in callous disregard for the comfort, safety, health and wellbeing of Mr. Baker and were further done for the purpose of saving costs at the expense of his obvious medical needs and distress and/or for the purpose of humiliating, oppressing, and inflicting emotional and mental distress upon Mr. Baker, and such conduct was done with the intent to deprive him of his constitutional rights or in willful and wanton disregard for those rights.

106.    WHEREFORE, Plaintiff prays for compensatory damages and punitive damages as allowed by law.

## TWELFTH CAUSE OF ACTION

### (Cal. Civ. Code § 52.1—Bane Civil Rights Act)

### (Defendants County, Sheriff's Department, Cogbill, Lincoln, Cortez, Espino)

107.    Plaintiff incorporates by reference and realleges herein each allegation in all prior paragraphs as if alleged in full herein.

108.    As alleged above, Defendants violated various constitutional and statutory rights belonging to Eric Baker.

109.    Such violations were accompanied by threats, intimidation, or coercion on the part of Defendants.  Defendants interfered with or attempted to interfere with Mr. Baker's rights through threats, intimidation, or coercion.

110.    As a result, Plaintiff prays for all damages allowable under Cal. Civ. Code § 52.1 (incorporating by reference Cal. Civ. Code § 52), including but not limited to

23

actual damages, exemplary damages, civil penalties, and attorney's fees.

## JURY DEMAND

111. Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, as follows:

1. Compensatory damages in the amount of $10,000,000, as allowed by law;

2. Nominal damages on all counts;

3. Punitive damages in the amount of $5,000,000, as allowed by law;

4. Costs of suit herein incurred;

5. Attorneys' fees pursuant to applicable law; and

6. For such other and further relief as this Court deems just and proper.

Date: July 15, 2008

Sanford Wittels & Heisler, LLP

By: _____
    Steven L. Wittels

Sanford Wittels & Heisler, LLP
950 Third Ave, 10th Floor
New York, New York 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948
swittels@nydclaw.com
*Pending Pro Hac Vice Admission*
*Lead Counsel for Plaintiff*

By: _____
    Tanya Brannan

Law Office of Tanya Brannan
719 Orchard Street
P.O. Box 3064
Santa Rosa, California 95402
Telephone: (707) 546-0235
Facsimile: (707) 573-1094
brannanlaw@comcast.net
*Co-Counsel for Plaintiff*

24

Law Offices of Grant E. Morris
1666 Connecticut Avenue NW
Suite 310
Washington, DC 20009
Telephone: (202) 742-7777
Facsimile: (202) 742-7776
grantmorris@grantmorrislaw.com
*Pending Pro Hac Vice Admission*
*Co-Counsel for Plaintiff*