IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC JAMES BAKER,

    Plaintiff,

v.

COUNTY OF SONOMA,

    Defendants.

No. 08-03433 EDL

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Eric James Baker moves to compel the County of Sonoma Defendants and the CFMG Defendants to produce documents in response to Plaintiff's outstanding document demands, and also seeks an order compelling the continuation of Sheriff Cogbill's deposition. For the following reasons, the Motion is DENIED in its entirety.

**BACKGROUND**

The original discovery cutoff date in this matter was October 23, 2009, but Plaintiff waited until September 30, 2009 to propound document requests. At an October 6, 2009 Further CMC, the Court granted Plaintiff's request to continue fact discovery by one month (from October 23 to November 24), and specifically ordered the parties to meet and confer regarding outstanding discovery (including the pending document requests and Cogbill deposition) within one week of the Order. On or about October 30, 2009, the CFMG and County Defendants provided responses and objections to Plaintiff's document requests as well as some documents and thereafter the County Defendants also produced a privilege log. In direct contravention of the Court's Order, instead of meeting and conferring during the week of October 6, 2009, and despite the fact that Plaintiff had been in possession of the defendants discovery responses for approximately three weeks, Plaintiff waited until the evening of November 23, 2009, the eve of the extended discovery cutoff, to send a

letter to the defendants regarding their allegedly deficient document production and requesting that the deposition of Sheriff Cogbill be completed. The letter required a response less than 24 hours after it was sent. Both sets of defendants responded claimed that Plaintiff had failed to timely conduct discovery, failed to meet and confer pursuant to the Court's order requiring a meet and confer within one week of the October 6, 2009 Order, and refused to produce additional documents.

On November 6, 2009, Plaintiff sent an email to Defendants requesting that the dates for various depositions be confirmed (including Sheriff Cogbill), and correspondence on this topic continued until November 10, 2009, when a two hour deposition was scheduled for Sheriff Cogbill despite no previous formal deposition notice. Plaintiff propounded a formal deposition notice on November 10. On November 17, 2009, Sheriff Cogbill's deposition took place for two hours before Plaintiff's counsel left to care for a sick child, and requested that the deposition be continued. No further communication was made on this topic between November 17 and Plaintiff's November 23, 2009 discovery letter (in which he requested a date in December or January, months after the discovery cutoff), and the parties could not agree on a mutually acceptable date prior to the discovery cutoff to continue the deposition.

**ANALYSIS**

The foregoing facts establish that Plaintiff failed to "meet-and-confer" as required by this Court and Local Rules 37-1(a) and 1(n). First, he failed to meet and confer with any Defendant on any topic within one week of the Court's October 7, 2009 Order following the case management conference, in direct violation of the Court's Order. Second, he entirely failed to respond to the County Defendants' October 9, 2009 letter regarding defects in his document requests. Third, he failed to communicate with defendants following Sheriff Cogbill's November 17 deposition to schedule additional time, despite the fact that the discovery cutoff was less than a week away. Fourth, when he finally did meet and confer with Defendants regarding outstanding discovery, he did so only in writing and not in person or order the phone as required by Local Rule 1(n). Additionally, Plaintiff's "meet and confer" letter was sent after hours on November 23, 2009, the evening before the extended discovery cutoff and weeks after receiving the Defendants' responses and documents, and did not respond to the Defendants' objections to the discovery. Plaintiff was

2

aware of the Defendants' objections and the content of the defendants' allegedly defective responses almost a month prior to the motion to compel filing deadline, failed to send a meet-and-confer letter or otherwise raise any issue with respect to the responses until weeks later, and provided Defendants with less than 24 hours to respond to his meet-and-confer letter on the eve of the discovery cutoff. These minimal meet-and-confer efforts are insufficient and warrant denial of the Motion to Compel.

In addition to Plaintiff's complete failure to meet and confer, Plaintiff's Motion and Reply are also procedurally deficient for a number of reasons. The Motion did not attach a declaration supporting the factual contentions in the motion as required by Local Rule 7-5, or attesting to the validity of the documents attached directly to the Motion. The Motion also did not attach Plaintiff's discovery requests or the County Defendants' initial meet and confer letter and subsequent written responses, as required. See Schwarzer et al., Federal Civil Procedure Before Trial, at § 11:2362. The Motion was not properly noticed because it did not contain a hearing date and time as required by Local Rule 7-2, and did not set forth in full the requests and responses as required by Local Rule 37-2, instead referencing them only briefly. The Reply improperly attached a declaration attesting to new matter and hearsay, and attaching documents without attesting to their validity.[1] These many deficiencies, while less serious than the failure to meet and confer and by themselves not necessarily a reason to deny the Motion, lend further support to the Court's decision to deny Plaintiff's Motion to Compel.

**IT IS SO ORDERED.**

Dated: January 6, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] The County Defendants filed an Objection To and Motion to Strike New Matter from Plaintiff's Reply Documents. The Court agrees with the County Defendants that the Wittels Reply Declaration is an improper attempt to introduce new matter on Reply. However, many of the documents attached to the declaration were also submitted by the defendants, and no party contests their authenticity, so the Court has considered the documents to the extent they are relevant to the Court's determination. With respect to the factual allegations in the declaration, the Court would reach the same conclusion whether or not it relied on the Wittels Reply Declaration. Most of the allegations are either duplicative explanation of what the documents themselves show, or are irrelevant, or are improper attorney argument. The Court therefore DENIES the County Defendants' Motion to Strike, but admonishes Plaintiff's counsel to comply with all applicable rules and law regarding motion practice in this Court going forward.

3